And this is the method issue, right? Because the patent, if I'm not mistaken, the patent describes itself as a method. I had that here a moment ago. Let me find that language for you, in case you've forgotten it. The patent says a system and method provide for establishment and use of permission sets for subscribers where client applications in a wireless communication environment are requesting location information for a particular wireless communications device from a provider of such information. Now, that's really their question, but I'll put it to you. What's that got to do with financial services or what is the exact language that I keep quoting for you? Financial product or financial service. There's not even the word in there for financial. Correct. The claims do not claim the practice, administration, or management of a financial product. So the director's decision to institute here was arbitrary and capricious. The director's decision to cancel the patent is in excess of statutory jurisdiction, contrary to law, and arbitrary and capricious. But if we find that this is not a CBM patent, it's not a question of institution, is it? It's a question of jurisdiction. That's correct. The proceeding would be dismissed. The cancellation would be reversed. If we find that these are not CBMs, then what's left in view of the different patents here? What's left for us to decide? If you decide that neither of these is a CBM, then the 752 patent is reinstated. You would reverse that and the other side could go and litigate that. You still would need to decide the IPR on the 205 patent only. There was an IPR on the 752 patent, but it did not institute or did not invalidate the claims that are on appeal here. Anything else? I think we're back to Your Honor's colloquy with my friend on the other side. When you're looking at what the statute says... This one, honestly, seems like... I don't know what the board's doing here. It can't be that any patent that can reference a financial institution or find an ATM or something like that is a covered business method patent. Even if you think that, as we've said in our cases, that language is to be construed broadly. I think that's exactly right. We don't need to argue for our banks and brokerages definition to say that this is arbitrary and capricious because what my friend is arguing for and what this panel of the board decided in this case is indistinguishable from what Your Honor just said, that basically everything is a financial product or service. I know I keep coming back to this. It reads out both used-in and practice administration or management, which are important parts of the definition as well. Literally everything can be subject to CBM review. CBM, as I said before, is very powerful. You can litigate kinds of invalidity grounds that you cannot litigate in an IPR. You can litigate... There's no time limit, unlike a PGR. And, of course, the different burdens and different decision-maker apply compared to district court review. So if Congress was going to create something this powerful, there's a trade-off. The two trade-offs are it's time-limited to eight years and it's limited only to practice administration or management of a financial product or service. And that's why it's so important for the court, having concluded that this is part of the judicially reviewable final written decision, to enforce it here and to tell the board that it is exceeding its statutory jurisdiction. Now, they could win in this case if they can convince us to overrule Versada, right? And hold it... Even if you held that it's not reviewable on appeal from the final written decision, we would still submit that, as in Part 3 of the dissent in Versada, that this is so in excess that it still would not be barred from review because it is, shall we say, extra hard to prohibit judicial review of something that is in clear derogation of statutory limits on jurisdiction. You would invoke Judge Hughes' savings clause in his Versada dissent. Well, I think that we could... Because the error here is so clear, I think we could win in every which way. We, of course, think that, essentially, no matter what the Supreme Court does in Cuozo, this court right now says that most things are not reviewable under Cuozo, but that this, the jurisdiction of the board to institute and decide and cancel a patent on the CBM is reviewable. We think that that is not going to change. Of course, if the Supreme Court said something extraordinarily broad, then I'm sure we could submit 28-J letters and talk about what important that decision was. I'd be happy to answer any more questions about the definition. I could say just a few words about the 101 issue, unless the court wants to... I don't want to tax the court's patience. On the 101 issue, we think that if this were something that should be litigated before the board and not before a district court, that this is directed to patent-eligible subject matter because it's dealing with a problem that does not arise in the brick-and-mortar context. It is a problem specific to the wireless network context to which the claims are directed, and it solves a fundamental problem of privacy. This is listed right in column 1 of the specification. A problem of privacy that is specific to wireless users who are all the time generating little electronic breadcrumbs indicating where they are located. That creates a new privacy problem, and this is an improvement in the way networks work because it allows subscribers to understand that their information is being held privately, except to the extent that they wish to have it disseminated for some useful and valuable purpose. We think that that is not directed to an abstract idea, and even if it were, it would rest on something more that the court was talking about in step 2 of ALICE, and for that reason we think that it would survive 101 review. But we think that this court should not decide that, of course. It should let a proper tribunal decide that after the CBM is reversed. If the court has no further questions, I am happy to reserve my remaining time. We have your argument. Thank you. May it please the court, I would suggest that this patent, the 752 patent, sits in the sweet spot for the type of patent that Congress was concerned about when it initiated and brought into being this transitional program under Section 18. It's patents that issued in the late 1990s and 2000s that are directed to... Can you point to me any language in any representative claim that talks about any kind of financial service or financial information or anything remotely close to what we found to be that in our other cases? I think that this falls squarely within the provision in Cite Sound and Blue Calypso when you look at dependent claims 11 and 22. Dependent claims 11 and 22. Are those claims at issue? Those claims are not challenged in the proceeding, but that doesn't matter with respect to ascertaining whether a patent is CBM eligible. It is the case that if any one claim in a patent is a CBM claim, then the whole patent is a CBM. Is that your position? That's my position, that's the PTO's position and that's what this court has recognized. If you look at dependent claims 11 and 22... Are we on A478? A478 and A479. Claim 11 is on 478 and 12 is on 479. Just to set the stage for that, if I could direct your attention to A465, which is figure 1. There is a reference in claim 11 to billing functions. Is that what you're talking about? Perform at least one of automated billing functions? Yes, and I can explain what that is in the context of figure 1, which is on A465. There are two ways in which the client application, which is element 24 in figure 1, sits at the heart of financial transactions and at the heart of a business method. The one that the PTAB found persuasive was that the client application is a proxy for a business and through the subscriber profile it allows you to consummate a transaction between a subscriber and a business once the location information... You know, I may have been a little hasty in agreeing with you that if any one claim has a financial product or service in it, then the patent becomes a CBM because the statute doesn't read that way, does it? Let's look at the statute one more time. The statute says for purposes of this section the term covered business method patent means a patent that claims a method or corresponding apparatus for performing that. It means a patent that claims. It doesn't say a claim. It says a patent that claims. Now the patent is the overall written description. All the claims taken together what we call the specification. So you really have to look at the whole patent, i.e. the invention, wouldn't you? Well, you do and the board has to on a... and this is a fact-intensive inquiry that Congress has delegated to the agency you have to look at the scope of the claim and you cannot ascertain the scope of the claim without looking to the specification and if the claim is financially neutral so to speak and any talented patent application drafter can draft a financially neutral claim that can then be read onto any number of business activities you have to turn to the scope of the patent to figure out whether it's a CBM patent and the client application here if we go to figure one sits at the heart of two separate financial transactions one is the money that can pass in between a wireless subscriber and the client application if in fact the location information is provided then Where in the patent does it say money passes? Are you relying on the billing function in claim 12? Well, certainly in dependent claims I think it was 11 and 22 that's automatic billing that the access manager which is the wireless service provider I just want to make sure you didn't make these arguments before the board Did the board rely on 11 and 22? The board did not rely on 11 and 22 in finding that this patent was CBM eligible but in our petition What did the board rely on? The board relied on the client application in claim 25 sitting at the heart of basically financial activity The client application is a proxy for a business that wants to push advertising or special offers to wireless subscribers if they're permitted to have their location information So the board looked at the client application and then turned to the full scope of the patent and determined that that's basically a business method Where does it say anything about advertising in claim 25? I just read it quickly Claim 25 doesn't have that There the board was relying on the incidental to or complementary to a financial activity But it still has to be somewhere in the patent doesn't it? You can't just make up the notion that somebody smart could use this patent for financial reasons and make money. It has to be in the patent It's certainly in the patent. It's in the specification Are you talking about that one line? There is one line that the board cited to I think you cited to it  preferences for location services and privacy I just don't see how that isn't arbitrary and capricious when you pluck these 11 and 12 that the board relied on, maybe that's a better argument but that wasn't their basis It's not, but there's no sense in remanding to the board when the board can simply turn to those dependent claims and find an express billing application I have a little trouble with that theory because that theory suggests that let's go back to my hypothetical about the stint that after I get through describing my stint and everything else I can tack on a dependent claim somewhere down claim 436 and say and by the way this invention is designed to make money and the way to make money is to have a bank account or whatever. I don't think that makes it a CBM do you? On those facts perhaps not but those aren't the facts that we have here and for a claim to be again The facts of the Dutch players scenario are pretty close to here How are they different? I think they are very different. A client application here is not a stint. It's a proxy for a business that is looking to conduct business with cell phone subscribers This is a method to locate things around you? No, it's not a method to locate things It's a method that provisions where a wireless network provider for a fee will provide location information to a business so that a business can thereafter target subscribers in a cellular phone network There's two ways in which this client application according to the patent specifications sits at the heart of two different ways of two different types of financial transactions One is the client application targeting cell phone subscribers if it in fact gets the location information which is what claim 25 is directed to it's provisioning the location information for a fee Where does it say for a fee? It doesn't expressly say that It says for a fee when it doesn't say it in the claims That would make it much more like a business method patent If it said, here's this service, if you opt into it you can gain better access to clients That sounds like the pricing algorithm Even when you start out with the background and the invention and the summary it's all about privacy issues and letting users put forth their preferences about privacy issues I see almost nothing in this patent about providing business services I mean, 11 and 22 if the board had relied on that you might have a better argument there but I don't see how we can look at 11 and 22 and that's not the basis of the board's decision The Chainery Doctrine did not do away with the doctrine of harmless error And Section 706 Can we just put aside 11 and 22? I'm not going to look at them Beyond 11 and 22, what do you have that suggests that this is a business method patent? We have the discretion of the agency in defining its mission in determining what patents are CBM eligible This patent is a patent that issued in 2000 right in the time frame that Congress was concerned about and it's an invalid patent under Section 101 The core of the agency's authority Congress didn't enact a bill saying you can bring any 101 challenge on any patent to the PTO Maybe they should have, but they didn't Your timing argument and your 101 argument still isn't getting back to any language in this patent in its claims or specifications that talk about a business method I think that if this court is going to look at claims that are financially neutral that don't have an express hook to a financial activity such as the exchange of money for goods and services and say that those patents are not eligible for CBM review, then that would thwart Congress' express intent to delegate to the agency to define its mission under There's got to be some limit to the scope of the argument that you're making If I have a patent and the patent is to a method to shovel dirt and I put in claim under claim 25 and by the way I'm going to sell the dirt Is that a method? Is that a CBM? It's not. I think we have to leave that to the discretion of the agency and determine whether this decision was arbitrary and capricious Argue that it is or it's not It's not a question of arbitrary and capricious. It's a question of whether the statute properly construed supports that interpretation There's no arbitrary and capricious standard involved at all. This is a question of statutory interpretation Congress has authorized the agency to conduct rulemaking to implement the statute and CBM eligibility is a procedural rule. CBM eligibility does not substantively impact patentability What is the CBM eligible rule that the agency has adopted? You're not talking about the decision in this case, are you? No, I'm talking about the agency's Section 326 which is the PGR provision that gives the agency the authority to establish rules on whether to institute a proceeding combined with Section 18 that gives the agency the authority to determine to implement the transitional program for review of covered business method patents delegates to the agency the authority to determine whether a patent is CBM eligible Only if it conforms to the statutory requirement for a CBM Sorry, but we've got a case that's squarely on that point and that's Rosada. Rosada says that what is before us this morning is the final written decision by the PTAB in this particular case and in that final written decision they are assuming that they have jurisdiction over the patent involved in this case under the statute and that's the only question before us and they say they do. Well that's not a question of arbitrary and capricious that's a question of have they read the statute correctly? Or have I missed something? Am I wrong about that? I don't think so, but I guess I see I'm just out of time I would think you would be citing blue calypso which says we review that decision of whether it's a CBM patent or not under an arbitrary and capricious standard and sight sound and the fact that one panel might come out a different way on these facts, on these claims it does not make it arbitrary and capricious It's not going to help you very much in this case because even under an arbitrary and capricious standard, given that there's nothing in this patent about a covered business method it's arbitrary and capricious Well you have the board's determination that a client application and this is in column 11 of the patent line 12, client applications may be service or goods providers whose business is geographically oriented and those businesses want to connect with cell phone subscribers and claim 25 controls that information and that exchange of information so that businesses can conduct and consummate financial transactions with cell subscribers and then according to the dependent claims that the wireless service provider who is controlling that information can automatically bill the service providers every time they suggest that information You can make the argument that the whole patent is part of the record and therefore 11 and 22 are part of the record even if the board did not specifically identify them as the basis for their CBM decision. They certainly are in section 706 mandates Why don't you make these arguments below before the board So I was got sidetracked in responding to that before in its petition for inter partes review  Google said that the 752 patent and I'm reading also covers financial aspects that facilitate a financial transaction such as data logs in support of billing and other administrative tasks Sorry, I just want to clarify. You just said you were reading from the petition for inter partes review You mean the petition for CBM review? Yes, I'm sorry. If I said inter partes review, I misspoke Because you asked for inter partes here and you didn't get it No, we did get it and claim 25 You didn't get as much as you wanted Right, the board didn't institute Sorry, I'm leading you down a sidetrack here. I'll have to answer So in its petition for inter partes review, Google pointed to that specific automated billing feature that dependent claims 11 and 22 are directed to Now in its institution decision, the board didn't latch on to that and didn't latch on to those claims But it could have and there's no need to send this back We can't review the institution decision It's unreviewable The aspect of the institution decision that says this is a CBM eligible claim is reviewable Give us your concluding thoughts because you're well over your time Again, the client application sits at the heart of two business methods One for charging for the provision of location information which is in the dependent claims and the other for to assist in consummating financial transactions with the subscribers with businesses used and I'd submit that this patent sits at the heart of the type of patent that Congress was concerned about because it arose in that period between State Street and Bilski and it's directed to unpatentable subject matter First on claims 11 and 22, the passage that my friend just read from is not actually citing claim 11 or 22, it's citing the specification You will search in vain for claim 11 or 22 anywhere in the petition mentioned by number and my friend says that a harmless error is still part of this court's review but so are exhaustion and preservation In addition, this court's Chenery Doctrine indicates that when the agency has a layer of discretion the court shouldn't just say, well, harmless error the agency probably would have exercised its discretion the same way anyway The agency presented with a petition saying claims 11 and 22 are eligible but we want to institute a covered business method review on several other claims might well have reacted quite differently than it did when it thought that the claims being challenged were in fact covered business method claims But that's pure speculation It is and it's exactly why this court doesn't engage in speculation like that So why are you engaging in it? I'm urging the court not to On the question of whether the actual challenge claims are covered business method claims, my friend suggests the business embodiment But if you look right before the passage that he read from at the top of column 11 you will see that emergency services and businesses wanting to keep track of their own employees are the first two embodiments listed. Those are not financial at all Financial, commercial, whatever word you want to use Ultimately, arbitrary and capricious review is not a rubber stamp Action not in accordance with a statute or not otherwise in accordance with law is arbitrary and capricious It is invalid under the APA. We urge the court to hold exactly that as to this decision here. Unless the court has any further questions Thank you very much